(43 South. 247.)

No. 16,309.

MANGIN v. PERONI.

(March 4, 1907.)

APPEAL—REVIEW.

Appeal from Twenty-Ninth Judicial District Court, Parish of St. Bernard; Nemours Henry Nuñez, Judge.

Action by John A. Mangin against Angela Peroni. Judgment for defendant, and plaintiff appeals. Affirmed.

A. E. & O. S. Livaudais, for appellants. Louis Fred Andry, for appellee.

PROVOSTY, J. Plaintiff sues his wife for separation from bed and board, on the grounds of cruel treatment and defamation.

The most that the evidence shows is that the parties have had occasional quarrels, for which the husband has been as much to blame as the wife. She has abandoned him, but nothing shows that she would not return if she were summoned to do so. Since then she has brought two suits against him for separation, and instituted one prosecution for nonsupport. In his answer in one of these suits he alleged that it was he who had reason to complain of her, and not she of him, and he detailed his grounds of complaint, and added that they were not sufficient to justify a demand in separation. We do not think that they are any more so now than then.

Judgment affirmed.

---

(43 South. 248.)

No. 16,323.

BRITT v. DAVIS BROS.

(March 4, 1907.)

GAMING — ILLEGAL EMPLOYMENT — RECOVERY OF SALARY.

No action will lie on behalf of one who is employed by the year to manage a gambling establishment, and is discharged without cause before the expiration of the term, for the recovery of a share of the profits which he was to have received in lieu of salary.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Gaming, § 29.]

(Syllabus by the Court.)

Appeal from First Judicial District Court, Parish of Caddo; Thomas Fletcher Bell, Judge.

Action by W. Floyd Britt against Davis Bros. Judgment for defendants, and plaintiff appeals. Affirmed.

Fullilove & Mills, for appellant. Sidney Levy Herold, for appellees.

MONROE, J. Plaintiff alleges that he was employed to manage a cardroom, maintained in the rear of defendant's barroom in Shreveport, and to supervise and wait on games of poker played there, furnish the players with cards, chips, etc., and see that they paid for the use of the conveniences so furnished, and that he was to get one-half the net profits in lieu of salary; that his employment was by the year, but that he was discharged without cause at the end of 10 weeks, and is entitled to recover $5,216.40 as the amount that he would have made during the remainder of the year. The suit was dismissed upon an exception of "no cause of action," and, we think, properly dismissed. The object of the contract was the maintenance of an establishment for the indulgence of a vice, denounced as such by the Constitution of the state. The contract was, therefore, morally impossible, and void, and no damages can be recovered for its nonfulfillment. Civ. Code, arts. 1891, 1892, 1893, 1895. The fact that plaintiff was not obliged by his agreement to participate in the games may have been to his advantage in some respects, but it does not improve his standing in court. Cummings v. Saux, 30 La. Ann. 207; Armstrong v. Toler, 11 Wheat. (U. S.) 258, 6 L. Ed. 468.

Judgment affirmed.